IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TROY ANTHONY HARDEN, | : |
| Plaintiff | : |
| VS. | : |
| | : CIVIL ACTION: 5:13-CV-00267-CAR |
| FREDRICK BRIGHT, et. al. | : |
| Defendants. | : |

## ORDER ON MOTIONS

Plaintiff Troy Anthony Harden, a prisoner currently confined at the Patten Probation and Detention Center in Lakeland, Georgia, filed a *pro se* civil rights complaint and sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). After conducting a preliminary review of his Complaint, this Court found that Plaintiff could not proceed *in forma pauperis*, as three or more of Plaintiff's prior cases were dismissed and count as "strikes" under 28 U.S.C. §1915(g). Plaintiff's Complaint was then dismissed without prejudice, and final judgment was entered on August 8, 2013. Plaintiff has now filed a Motion for Reconsideration (Doc. 8) and a post-judgment Motion to Amend (Doc. 9).

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), prohibits a prisoner from bringing a civil action in federal court *in forma pauperis*

if the prisoner has, on 3 or more prior occasions, while incarcerated or

> detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. The Court's review of records on the U.S. District Web PACER Docket Report revealed that Plaintiff has a filed several civil cases in federal court and that at least three of those cases were dismissed for failure to state a claim and count as "strikes" under section 1915(g): See Order, Harden v. Bright, No. 5:06-cv-0266-DF (M.D. Ga. Jan. 10, 2007); Harden v. Donald, No. 1:07-cv-0649-CC (N.D. Ga. May 2, 2007); Order, Harden v. Bright, No. 5:11-cv-0090-MTT (M.D. Ga. April 13, 2011); Mandate, Harden v. District Attorney, No. 5:11-cv-0090-MTT, Appeal No. 11-11865-C (11th Cir. July 27, 2011). Because of these dismissals, Plaintiff may not proceed *in forma pauperis* unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g). Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff did not allege the existence of any such danger in his Complaint (Doc. 1).

In the present motion, Plaintiff asserts that the Court erred in dismissing his complaint under §1915(g) and appears to claim he is in "imminent danger." The claims in Plaintiff's Complaint were originally brought under the Thirteenth Amendment of the United States Constitution and were based on allegations of involuntary servitude. In an effort to demonstrate imminent danger, Plaintiff now alleges, in part, that (1) he "has been procured as a servant for the State of Georgia"; (2) he is forced to work in the prison under threatened use of physical violence"; (3) he is "being held at gunpoint by prison

2

guards"; and (3) he may be caught, beaten, or shot if he attempts to "leave the facility." See Motion (Doc. 8) at 3-5.

These allegations are not sufficient to satisfy "imminent danger" requirement. To do so, a prisoner must allege the existence of a present, imminent danger of serious physical injury. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). General assertions of danger in the prison, like those now made by Plaintiff, "even construed liberally, are insufficient to invoke the exception to § 1915(g)." Sutton v. Dist. Attorney's Office, 334 F. App'x 278, 279 (11th Cir. 2009); see also, Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (a "general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"). Plaintiff's Motion (Doc. 8) thus provides no valid basis for reconsideration.

Plaintiff, however, has also filed a post-judgment Motion to Amend (Doc. 9), pursuant to Fed. R. Civ. P. 15(a).  While it is true that Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend his pleading once as a matter of course, "Rule 15 has no application . . . once the district court has dismissed the complaint and entered final judgment for the defendant." Lee v. Alachua County, FL, 461 F. App'x 859, 860 (11th Cir. 2012) (quoting Jacobs v. Tempur–Pedic Int'l, Inc., 626 F.3d 1327, 1344-45 (11th Cir. 2010); see also Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)

(post-judgment requests for leave to amend a pleading, "whatever their merit, cannot be allowed . . ."). A plaintiff may seek leave to amend post-judgment only if he is first granted relief under Federal Civil Procedure Rule 59(e) or Rule 60(b)(6). Id. (internal alterations omitted); see also Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (post-judgment requests for leave to amend, "whatever their merit, cannot be allowed unless . . . the judgment is vacated under, say, Fed.R.Civ.P. 60"). "[T]o hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." Williams v. Citigroup Inc., 659 F.3d 208, 213 (2d Cir. 2011).

Under Rule 60, "the court may relieve a party . . . from a final judgment, order, or proceeding" if the party can show (1) a "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence . . ."; (3) "fraud . . . , misrepresentation, or misconduct by an opposing party"; (4) that "the judgment is void"; (5) that "the judgment has been satisfied, released or discharged . . ."; or (6) "any other reason that justifies relief." Id. Even if construed as one filed pursuant to Rule 60(b), Plaintiff's Motion fails to establish that any of the Rule 60(b) factors may be applied in this case. Plaintiff does not identify any "mistake," "newly discovered evidence" or "fraud" that might warrant relief from the judgment, and he does not show that the judgment is somehow void. See id. Plaintiff has likewise failed to "show extraordinary

4

circumstances justifying the reopening of a final judgment" so as to warrant application of the Rule 60(b)(6) catch-all provision – i.e., "any other reason that justifies relief." See Santa v. U.S., No. 11–14540, 2012 WL 5233564, at *2 (11th Cir. Oct. 24, 2012). Although Plaintiff has now vaguely alleged a denial dental care, these claims are wholly unrelated to his original complaint and do not show that he will suffer an "extreme" or "unexpected" hardship if relief under Rule 60(b) is not granted. See Griffin v. Swim–Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) ("The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result.").

This case thus does not present equitable factors warranting relief under Rule 60. However, if Plaintiff wishes to bring a new civil rights action based on those facts alleged in the Motion to Amend, he may do so by filing a new civil action. The dismissal of this action was without prejudice.

Plaintiff's Motion for Reconsideration (Doc. 8) and Motion to Amend (Doc. 9) are therefore **DENIED**. Plaintiff's Motion to Amend Jurisdiction (Doc. 7) is deemed moot, and is also **DENIED** as such.

**SO ORDERED**, this 15th day of October, 2013.

S/   C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

jlr